IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH HANSEN, Individually; and ELIZABETH HANSEN, Personal Representative of the Estate of Michael Hansen, deceased; <br><br><br> Plaintiffs, <br><br><br> vs. <br><br><br> THE UNITED STATES OF AMERICA, <br><br><br> Defendant. | **8:21-CV-371** <br><br><br> **MEMORANDUM AND ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE** |

Elizabeth Hansen, individually and as the personal representative of the estate of Michael Hansen, has sued the United States of America. Filing 1. Plaintiffs claim that the medical staff at VA Nebraska-Western Iowa hospital failed to properly treat Michael Hansen's cancer. Filing 1 at 1. In Count III, Plaintiffs bring a negligent hiring, training, and supervision claim. Filing 1 at 11. The United States has moved for judgment on the pleadings on Count III of Plaintiffs' Complaint and moved to strike Plaintiffs' jury demand. Filing 23.

In its Motion, the United States requests judgment on the pleadings because, as a matter of law, Plaintiffs cannot pursue a negligent hiring, training, and supervision claim after the United States admitted that the medical staff treating Michael Hansen's cancer are United States employees and were acting in the course and scope of their employment. Filing 24 at 3. According to the United States, its admissions make the negligence of the medical staff imputable and

1

chargeable to the United States and, therefore, Plaintiffs cannot maintain "separate, redundant claims of negligent hiring, training, and supervision against the United States." Filing 24 at 3 (citing *Gibson v. Jensen*, No. 8:16-CV-296, 2017 WL 5067497, at *1 (D. Neb. July 17, 2017)).

Plaintiffs state that they do not object to dismissal of their negligent hiring, training, and supervision claim "without prejudice." Filing 36 at 1. Although the United States' Motion does not say whether it moves for dismissal with or without prejudice, presumably its motion is for dismissal with prejudice. *See Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (describing Rule 12(c) motions as rendering "judgment on the merits"); *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) (same); *cf. Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012) ("[T]here is a presumption that a dismissal under Rule 12(b)(6) is a judgment on the merits made with prejudice . . . ."). Rather than arguing that Plaintiffs' pleadings are insufficient, which could possibly be cured with an amendment, the United States' argument is based on a legal determination that Plaintiffs cannot plead a "redundant" claim. *Miles v. Simmons Univ.*, 514 F. Supp. 3d 1070, 1080 (D. Minn. 2021) ("A dismissal with prejudice is typically appropriate . . . when the record makes clear that any amendment would be futile."); *Gilliam v. Roach*, No. 19-CV-2749 (NEB/LIB), 2020 WL 2198810, at *9–10 (D. Minn. Apr. 1, 2020) (noting that dismissal with prejudice is appropriate when the pleadings' deficiencies cannot be cured with an amendment). Therefore, the Court must resolve whether dismissal with prejudice is warranted based on the argument made by the United States in its Motion.

The FTCA "permits persons injured by federal employees to sue the United States for tort claims in federal district court." *Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020). State law generally determines the extent of the United States' liability under the FTCA. *Id.* Nebraska has yet to decide if an individual can pursue a negligent

hiring, training, and supervision claim after the employer admits that the allegedly negligent persons were acting in the course and scope of their employment. *See Gibson*, 2017 WL 5067497, at *2. Therefore, this Court must "predict" if the Nebraska Supreme Court would adopt such a rule. *See Packard v. Darveau*, 759 F.3d 897, 901 (8th Cir. 2014).

In *Gibson v. Jensen*, Judge Gerrard of the District of Nebraska concluded that the Nebraska Supreme Court "would likely adopt a rule which prohibits a plaintiff from pursuing claims against an employer for negligent hiring, supervision, training and retention when the employer admits respondeat superior liability." *Gibson*, 2017 WL 5067497, at *2. Judge Gerrard noted that a majority of states follow this rule because "once respondeat superior is admitted, alternative theories of imputed liability (*e.g.*, negligent hiring) become superfluous." *Id.* at *3. Under a contrary rule, a plaintiff could offer "evidence of the employee's previous misconduct," which would be "unnecessary, irrelevant, and prejudicial." *Id.*

A few years later, Judge Smith-Camp of the District of Nebraska also concluded that the Nebraska Supreme Court "would likely adopt a rule stating that if the principal-defendant admits it is vicariously liable for the negligence of its agent, the plaintiff may not bring a cause of action against the principal-defendant for negligent hiring." *Rand v. Stanosheck*, No. 8:18CV481, 2019 WL 3777956, at *4 (D. Neb. Aug. 12, 2019). Judge Smith-Camp noted two reasons why this rule has become popular. "First, the rule saves time and energy of the courts." *Id.* (citing *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995)). "Second, the rule prevents 'potentially inflammatory evidence [from coming] into the record which is irrelevant to any contested issue in the case.'" *Id.* (alteration in original) (quoting *McHaffie*, 891 S.W.2d at 826). Judge Smith Camp also observed that "[t]he rule is consistent with principles of Nebraska law" because, under both Nebraska law and the states that follow this rule, negligent hiring, supervision, and training claims and

respondeat superior claims "function as means of assessing liability against an employer for the torts of its employees and cannot exist without underlying liability of the agent." *Id.*

The Court agrees with the conclusion reached by Judge Gerrard and Judge Smith-Camp. The Nebraska Supreme Court is likely to adopt a rule that prevents a plaintiff from pursuing a superfluous claim of negligent hiring, training, and supervision after the employer has admitted that the allegedly negligent employees were acting in the course and scope of their employment. Once an employer has admitted that the allegedly negligent employees were acting in the course and scope of their employment, it has admitted that it may be held liable if the employees were indeed negligent. *See Rodriguez v. Lasting Hope Recovery Ctr. of Cath. Health Initiatives*, 955 N.W.2d 707, 714 (Neb. 2021) (holding that the doctrine of respondeat superior "allows an employer to be held vicariously liable for the negligence of an employee while acting within the scope of employment."). Accordingly, the Court grants the Motion for Judgment on the Pleadings for the United States and dismisses Plaintiffs' negligent hiring, training, and supervision claim with prejudice.

Having disposed of the United States' Motion for Judgment on the Pleadings, the Court addresses the United States' Motion to strike Plaintiffs' jury demand. Plaintiffs bring suit under the Federal Tort Claims Act. Filing 1 at 1. As the United States correctly notes, "There is no right to jury trial under the Tort Claims Act." *United States v. Neustadt*, 366 U.S. 696, 701 (1961) (citing 28 U.S.C. § 2402). The Court therefore grants the United States' Motion to Strike Plaintiffs' jury demand for any claims against the United States under the Federal Tort Claims Act.[1] Accordingly,

IT IS ORDERED:

---

[1] In their Brief in Opposition, Plaintiffs ask the Court to deny the Motion to Strike because Plaintiffs may amend their pleadings to assert claims in which it has a right to a jury. Filing 30 at 2. The Court emphasizes that it is striking the jury demand only for claims against the United States under the Federal Tort Claims Act. It is not striking Plaintiffs' jury demand for any other claims they may bring in the future.

1.  The Partial Motion for Judgment on the Pleadings, Filing 23, is granted; and

2.  The Motion to Strike Plaintiffs' jury demand, Filing 23, is granted.

Dated this 11th day of May, 2022.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge