Moving Party:   Lisa Hansen, Plaintiff by Robert W. Futhey

# Hansen et al v. The United States of America
## 8:21-cv-00371-BCB-MDN

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:     Lisa Hansen, Plaintiff by Robert W. Futhey

The responding party is:     USA, Defendant by Danielle Rowley

**Note:** If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Def. Response to Request for Production No. 3: AND Def. Response to Interrogatory No. 17: | The accounting records of expenses incurred for Mr. Hansen's medical treatment at the VA Hospital are relevant and discoverable, related to the damages Plaintiffs are seeking. | Produce all medical bills, statements, invoices, expense statements, and accounting records related to Michael's treatment at the VA. | Def. has not billed Plaintiff for any treatment it provided to him at the VA. Def. produced payments it made on behalf of Mr. Hansen for community based medical services. | D-010827 reflects billings paid to third parties. VA needs to produce information for its internal costs. The request is not just limited to "bills" or "invoices." It asks for "medical expense summaries" related to Mr. Hansen's medical care at the VA. Like all government organizations, the VA clearly tracks its costs associated with the services | Def. has no responsive records that were created in the ordinary course of business. At the last discovery dispute conference, Judge Nelson indicated Plf. can use an expert to establish costs. | Defendant has adequately responded and answered. |

1

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | provided. This information should be produced. | | |
| Def. Answer to Interrog. No. 9: | VA's contention that the amounts Plaintiffs seek in this case is not fair and reasonable. | The Government previously agreed to produce information in response to this interrogatory. However, the Government withheld (1) the identify the name(s) of the claimant/plaintiff for each claim, (2) the jurisdiction where it was filed and (3) information regarding the specific result of each claim (e.g., the specific amount paid in settlement or verdict, if applicable.) | The request does not seek the identity of the name(s) of the claimant/plaintiff for each claim. Def. provided information regarding the result of each claim. Def. admitted liability. Claims filed against the VA are not relevant to the issue of damages. | The requested information, which the Government previously agreed to provide, should be produced. | Def. stands on its prior objections. None of the claims listed were litigated. There is no jurisdictional information to provide. Def. has fully responded. | Defendant's objections are sustained. |
| Def. Answer to Interrog. No. 14: | VA's contention that the amounts Plaintiffs seek in this case is not fair and reasonable. | Identify every claim, lawsuit, proceeding, and investigation involving an allegation of substandard care | Def. admitted liability. Claims filed against the VA are not relevant to the issue of damages. | Plaintiffs are willing to limit this interrogatory to claims/lawsuits involving the VA Hospital in Omaha | Def. stands on its prior objections. At the last discovery dispute conference, Judge Nelson agreed information | Defendant's objections are sustained. |

2

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | provided by personnel between January 1, 2010 and November 1, 2020. | | and involving claims of delay in diagnosis or treatment of cancer in a patient allegedly resulting in the injury or death of the patient.<br><br>Similar to how insurance coverage information is discoverable (even though it is usually not admissible), this information will be useful for evaluating possible settlement in the case, short of a trial. | about claims is not relevant to the sole issue of damages. | |
| Plaintiff's 30(b)(6) Deposition Notice (Filing No. 92) | The Defendant does not have an objection to Topic Nos. **1, 2, 3, 8, 9, and 12**.<br><br>The Defendant has no objection to Topic No. **7**, provided it is limited to documents and communication known or reasonably available to the VA.<br><br>With the understanding that Plaintiff will hold in abeyance Topic No. **10** until after Defendant's expert disclosures are made, there is no objection.<br><br>The Defendant has no objection to Topic No. **11**, provided that Plaintiff is not seeking information that is privileged.<br><br>Each topic where there remains a substantive dispute are discussed below in the chart. | | | | | |
| Topic Nos. 4, 5, and 6 | The treatment Michael received | These topics were included in the prior | Lacks reasonable particularity. Mr. | | | |

3

Moving Party:   Lisa Hansen, Plaintiff by Robert W. Futhey

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | from the VA and his overall health condition. | 30(b)(6) notice. Judge Nelson gave an initial response in November that they were acceptable categories. | Hansen's treatment at the Omaha VA did not start until 2017. All of his treatment was complex and multidisciplinary. The number of different providers Mr. Hansen has seen since 2010 is likely close to 100, if not more. | | | Defendant's objections are overruled, except that topic 4 shall be limited to Mr. Hansen's treatment at the Omaha VA Hospital beginning in June 2017. |
| Topic No. 13 | VA's contention that the amounts Plaintiffs seek in this case is not fair and reasonable.<br><br>Similar to how insurance coverage information is discoverable (even though it is usually not admissible), this information will be useful for evaluating possible settlement in the case, short of a trial. | This category has been reduced in scope from the prior Rule 30(b)(6) notice to only involve claims/lawsuits involving the VA Hospital in Omaha and involving claims of delay in diagnosis or treatment of cancer in a patient allegedly resulting in the injury or death of the patient. It seeks information on similar claims. | Lacks reasonable particularity and not relevant to the issue of damages. Judge Nelson already indicated he would grant Def. objections. | | | Defendant's objections are sustained. |
| Topic No. 14 | Damages suffered by plaintiffs, | The VA representatives who disclosed the delay | Lacks reasonable particularity and not relevant to the issue | | | |

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | including emotional distress damages. | in treatment of Michael's lung nodule did not follow the VA's procedures for how such disclosures of adverse events should be disclosed to patients.<br><br>There has been testimony in the case that Michael and Lisa were suffered emotional distress damages relating to the VA's disclosure of the adverse event. | of damages. Plaintiff is not entitled to emotional distress damages in a wrongful death action. | | | Defendant's objections are overruled. |
| Topic No. 15 | Damages and credibility of Defendant's witnesses who claim Michael and Lisa were not damaged as a result of delay in treatment of Michael's lung cancer | This topic was included in the prior 30(b)(6) notice. Judge Nelson gave an initial response in November that this was not an acceptable category.<br><br>Plaintiffs request that they be permitted to proceed with this topic after further | Lacks reasonable particularity and not relevant to the issue of damages. Judge Nelson already indicated he would grant Def. objections | | | Defendant's objections are sustained. |

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | discussion with Judge Nelson. | | | | |
| Topic No. 16 | Plaintiff's damages, specifically the costs associated with Michael's treatments for lung cancer and for end-of-life care. | This information clearly goes to a category of recoverable damages, i.e., medical expenses incurred in connection with Michael's lung cancer treatment and end-of-life care.<br><br>The Defendant has claimed no information exists because the VA does not "bill" patients. To the extent the Defendant is claiming no information exists in its possession regarding the expenses incurred for Michael's care, it should be required to produce a witness to testify to this assertion. | Lacks reasonable particularity. The United States cannot attest to the costs incurred by any other person or entity.<br><br>The VA did not generate a bill, medical expense summary or statement of account for the services it provided to Mr. Hansen, in the ordinary course of business. As Judge Nelson indicated, Plf. can use an expert to establish the costs of care. | | | Defendant's objections are sustained, in part. Plaintiff may inquire as to billings paid to third parties and explore general questioning about the VA's inventory, billing, and accounting methods for tracking care provided and supplies used in treatment, etc. |

Moving Party: <u>Lisa Hansen, Plaintiff by Robert W. Futhey</u>

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | Additionally, Michael received—and the VA paid for—certain community based providers for care administered to Michael outside of the VA hospital, but related to his lung cancer treatment and end-of-life care. Plaintiffs are entitled to know if the VA contests the fairness, reasonableness, and necessity of these expenses. | | | | |
| Topic No. 17 | Plaintiff is required to prove compliance with the Federal Tort Claims Act | This information is clearly relevant to an essential element of Plaintiff's claim, i.e., compliance with the Federal Tort Claims Act.<br><br>The parties have discussed entering into a stipulation as to these matters. However, to the extent a stipulation cannot be reached, | Def. has not alleged Plf. failed to comply with the requirements of the FTCA. Def. is willing to stipulate to Plaintiff's compliance with the FTCA. | | | Defendant's objections are sustained subject to the parties' reaching an agreeable stipulation. |

7

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | Plaintiff should be permitted to inquire regarding this topic. | | | | |
| Topic No. 18 | Foundation for the admissibility of documents in the case. | The parties have discussed entering into a stipulation as to these matters. However, to the extent a stipulation cannot be reached, Plaintiff should be permitted to inquire regarding this topic. | Def. is willing to stipulate to foundation for VA records. | | | Defendant's objections are sustained subject to the parties' reaching an agreeable stipulation. |
| Topic No. 19 | The existence of relevant documents and information related to Plaintiff's damages. | See, e.g., Topic No. 16, Request for Production No. 3, and Interrogatory No. 17, discussed above, related to medical expenses incurred for Michael's treatments. The Defendant has claimed no responsive documents exist. Plaintiff should be permitted to inquire about the VA's record-keeping practices. | Lacks reasonable particularity and not relevant to the issue of damages. Judge Nelson already indicated he would grant Def. objections | | | Defendant's objections are sustained. |

8

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | Additionally, VA witnesses have claimed the only document related to the disclosure of the adverse event to Michael and Lisa is a one-page record. See Laura Whale Depo., at 79:7-10 ("Q. Are there other documents that are created under the handbook besides what we see here in Exhibit 32 that it reports? A. No. Q is there any other documentation at all related to the institutional disclosure that are created pursuant to the Handbook 1004.08? A. No other documentation; just data.") | | | | |
| Topic Nos. 20-23 | Seeks information related to the factual and legal basis of several matters plead by Defendant | These topics are the functional equivalent of contention interrogatories, which are expressly | 30(b)(6) contention topics are overbroad and improper. Def. 30(b)(6) designee cannot know the | | | |

9

Moving Party: Lisa Hansen, Plaintiff by Robert W. Futhey

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | in its amended answer to Plaintiff's complaint. | permitted under Rule 33. Plaintiff is entitled to know the underlying basis of Defendant's denials of Plaintiff's allegations. Defendant cannot simply hide behind the cloak of "work product," if they are contesting these matters. | factual and legal basis of Def. Amended Answer without receiving the responses from counsel. | | | Defendant's objections are sustained. |

Counsel for Lisa Hansen, Plaintiff:   Robert W. Futhey

Counsel for USA, Defendant:   Timothy R. Hook, Danielle Rowley

Date:  January 24, 2023.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2023.

**BY THE COURT:**

s/Michael D. Nelson
United States Magistrate Judge

# FRASER STRYKER
### PC LLO
#### LAWYERS

**ROBERT W. FUTHEY**
**DIRECT DIAL: 402.978.5267**
**RFUTHEY@FRASERSTRYKER.COM**

500 ENERGY PLAZA
409 SOUTH 17TH STREET
OMAHA, NEBRASKA 68102-2663
TELEPHONE 402.341.6000
TELEFAX 402.341.8290
WWW.FRASERSTRYKER.COM

January 24, 2023

**VIA EMAIL – nelson@ned.uscourts.gov**
The Honorable Michael D. Nelson
United States Magistrate Judge
111 South 18th Plaza
Suite 2210
Omaha, Nebraska 68102

   RE: Hansen v. USA, Case No. 8:21-cv-371-BCB-MDN
      Plaintiff's Letter regarding Discovery Dispute

Dear Judge Nelson:

  Please accept this in connection with the discovery dispute conference scheduled for Thursday, January 26, 2023, at 10:00 a.m. The specific issues in dispute are set forth on the joint discovery chart sent contemporaneously with this letter. In preparation for the conference, the parties conducted meet-and-confer calls on January 17th and 23rd.

  In this letter, I want to highlight a few of the categories of information in dispute between the parties. The first has to do with the costs associated with Michael's lung cancer treatment and end-of-life care provided by the VA. These matters are at issue in **Request for Production No. 3, Interrogatory No. 17, and 30(b)(6) Topic No. 16**. The Government has claimed that it has no bills/invoices for Michael and it doesn't track costs associated with patients. As an initial matter, the requested information is broader than just "bills" or "invoices." For example, RFP No. 3 seeks "medical expense summaries." Also, it strains all reason that the Department of Veterans Affairs has no information as to the cost, for example, of a chemotherapy infusion that it administered to Michael. This information is clearly relevant to a category of damages. See, e.g., NJI 2d Civ. 4.01 (recognizing recoverable damages in a tort action include "[t]he reasonable value of the medical (, hospital, nursing and similar) care and supplies reasonably needed by and actually provided to the plaintiff…."); see also Neb. Rev. Stat. § 44-2819 (recognizing in medical malpractice actions that costs for medical expenses are recoverable, but may be subject to a credit after trial."). The full amount of damages to be recovered is also potentially relevant to any offers to confess/offers for judgment made by the parties. The Court should require the Government to produce relevant information and a witness on these issues.

  Next, Plaintiff respectfully requests the Court require the Government to respond fully to **Interrogatory Nos. 9 and 14, and 30(b)(6) Topic 13**. This information is relevant to ascertaining

Hon. Michael Nelson
January 24, 2023
Page 2

whether the Government's assertion that Plaintiffs' claimed damages are excessive. These items relate to other similar claims—involving delayed diagnosis and treatment of cancer resulting in injury or death at the VA Hospital in Omaha. Courts have routinely found that information related to other claims involving a defendant is discoverable, even if it is not necessarily admissible at trial. See, e.g., Ala. Aircraft Indus., Inc. v. Boeing Co., No. 2:11-CV-3577-RDP, 2015 U.S. Dist. LEXIS 192391, at *6-7 (N.D. Ala. Jan. 26, 2015); Tarnoski v. Old Republic Ins. Co., No. 06-12397, 2007 U.S. Dist. LEXIS 40234, at *4-6 (E.D. Mich. June 4, 2007) ("Merely because evidence of the settlement itself is inadmissible, does not mean that the information Plaintiff seeks is irrelevant and that information encompassed by Plaintiff's request cannot reasonably [be] calculated to lead to the discovery of admissible evidence."). Such information may also be relevant to "credibility, impeaching, or cross-examining a witness at trial." Garcia v. Cty. of Stanislaus, No. 1:21-cv-00331-JLT-SAB, 2022 U.S. Dist. LEXIS 166453, at *78 (E.D. Cal. Sep. 14, 2022). Additionally, such information should be discoverable similar to how information about a defendant's insurance coverage is discoverable under Fed. R. Civ. P. 26(a)(1)(iv), even though insurance information is generally not admissible. Disclosure of insurance coverage enables the parties to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. Finally, because this information is obtainable pursuant to a FOIA request, there can be no claim that this information is sensitive or confidential to the Government.

Finally, **30(b)(6) Topic Nos. 20, 21, 22, and 23** ask the Government to produce a witness who can explain the factual and legal basis for its denial of certain matters alleged in Plaintiff's Complaint. The Government claims these inquiries will disclose "work product." However, that assertion is not sufficient to prevent discovery as to why the Government has denied certain matters alleged in the case related to Plaintiff's claims. These topics are directly analogous to contention interrogatories, which are expressly authorized by Fed. R. Civ. P. 33(a)(2). The simple fact of the matter is that Plaintiffs have pled certain facts and opinions, and the Government has denied those matters. Plaintiff is entitled to find out the basis of the Government's denials of these matters at some point before the trial. The Court should require the Government to produce a witness so that Plaintiffs can understand the basis for the Government's denials of these matters.

I am happy to discuss these matters and the others raised on the discovery chart with you on Thursday morning. Thank you for your assistance in reviewing these matters.

Respectfully submitted,

Robert W. Futhey
FOR THE FIRM



**U.S. Department of Justice**

**United States Attorney**
**District of Nebraska**

| | |
|---|---|
| *1620 Dodge Street, Suite 1400* | PH:  (402) 661-3700 |
| *Omaha, Nebraska 68102-1594* | FAX: (402) 661-3081 |
| | TTY: (402) 345-6976 |

January 24, 2023

*VIA EMAIL*
nelson@ned.uscourts.gov

Honorable Michael D. Nelson
United States Magistrate Judge
111 South 18th Plaza, Suite 2210
Omaha, NE 68102

      Re:   *Elizabeth Hansen v. USA,* Case No. 8:21CV371
             Discovery Dispute Statement

Magistrate Judge Nelson:

Please consider this letter as the United States of America's discovery dispute position statement. A telephone conference is scheduled to occur on January 26, 2023, at 10:00 a.m. This dispute involves both written discovery and a Rule 30(b)(6) deposition. As you know, the United States has admitted liability in this matter and as such, the only issue for trial is the nature and extent of the Plaintiff's damages.

## Written Discovery

At the last discovery dispute conference, the Court indicated that information about claims against the VA (Interrogatories No. 9 and 14) were not relevant to the issue of damages. The United States agreed to respond to Interrogatory No. 9 prior to the admission of liability and has since fully responded. The United States never agreed to supplement its response to Interrogatory 14. The United States has fully responded to Interrogatory No. 17 and Request for Production No. 3. As the undersigned has indicated to Plaintiff's counsel and the Court, the VA did not generate a bill, medical expense summary or statement of account for the services it provided to Mr. Hansen. As such, there is nothing to supplement.

## Amended Rule 30(b)(6) Notice

Plaintiff's Amended Rule 30(b)(6) Notice is still over broad and lacks reasonable particularity. Without reasonable particularity, the United States is unable to designate and prepare individuals to testify on its behalf. The United States' specific objections are as follows:

**Topic 4:** Lacks reasonable particularity, not relevant and not proportional to the needs of the case. Mr. Hansen did not seek treatment with the Omaha VA until 2017. Any treatment prior to that was provided at a different VA, outside of the District of Nebraska. Producing a designee for this topic would be unduly burdensome and expensive. Additionally, as addressed below for Topics 5 and 6, Mr. Hansen's treatment was complex and multidisciplinary.

Honorable Judge Nelson
Page 2
January 24, 2023

**Topic 5:** Lacks reasonable particularity. Mr. Hansen's was hospitalized the entire month of July 2019. His treatment was both complex and multidisciplinary. During that month, he was seen by Nephrology, General Surgery, Emergency Department, Radiology, Infectious Disease, Critical Care, and Palliative Care. Ms. Hansen estimated he was seen by "over 20 doctors" during this time.

**Topic 6:** Lacks reasonable particularity. During this time period, Mr. Hansen was seen by Primary Care, Dermatology, Radiology, General Surgery, Hematology/Oncology, Pulmonology, and Palliative Care. Plaintiff needs to provide reasonable particularity as to the type of services and treatment, so that the United States can designate and prepare individuals to testify on its behalf.

**Topics 13, 15, and 19:** Lack reasonable particularity, not relevant to the issue of damages and not proportional to the needs of the case. The Court already indicated it would grant the United States objections to these topics.

**Topic 14:** Lacks reasonable particularity, not relevant to the issue of damages and not proportional to the needs of the case. An institutional disclosure is merely notice of an adverse event which has nothing to do with Plaintiff's damages in this matter. Further, Plaintiff cannot seek an expert opinion as to whether certain "practices" complied with VA "policies." Instead, testimony must be confined to matters "known or reasonably available to the organization."

**Topic 16:** Lacks reasonable particularity. Additionally, the United States cannot attest to the costs incurred by any other person or entity. The VA did not generate a bill, medical expense summary or statement of account for the services provided to Mr. Hansen.

**Topics 20-23:** These topics impermissibly seek the United States counsel's work product. See *Blackmore v. Union Pac. R.R. Co.*, No. 8:21CV318, 2022 WL 3718115 (D. Neb. Aug. 29, 2022).

Plaintiff noticed the Rule 30(b)(6) deposition for February 1, 2023. Assuming we reach a resolution on Thursday, the United States requests thirty (30) days to prepare its designees. Thank you for your time and assistance with this matter. I look forward to speaking with you on Thursday.

    Respectively,

    STEVEN A. RUSSELL
    United States Attorney
    District of Nebraska


By:
    Danielle Rowley
    Assistant U.S. Attorney