IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH HANSEN, Individually, and ELIZABETH HANSEN, Personal Representative of the Estate of Michael Hansen, deceased,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | 8:21CV371<br><br>**AMENDED MEMORANDUM AND ORDER ON PLAINTIFFS' MOTIONS IN LIMINE REGARDING DEPOSITION DESIGNATIONS** |

　　Before the Court is Plaintiffs' Motions in Limine Regarding Deposition Designations. Filing 195. The Court rules on these Motions as set out in the table titled "Hansen v. USA – Deposition Objections Log" below.

　　The Court notes that where there was no objection to additional noted deposition excerpts being read, the Court will consider the additional excerpts.

　　Although the Court believes it ruled upon all objections made, if there are any objections that were not ruled upon, the Court requests that the parties bring this to the Court's attention.

　　IT IS ORDERED that Plaintiffs' Motions in Limine Regarding Deposition Designations, Filing 195, are granted in part and denied in part as outlined in the below chart.

　　Dated this 11th day of December, 2023.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Brian C. Buescher
　　　　　　　　　　　　　　　　　　United States District Judge

1

Hansen v. USA – Deposition Objections Log

| **Designation Excerpt** | **Plaintiff's Objection** | **Defendant's Objection** | **Opposing Party's Response** | **Sustained** | **Overruled** |
|---|---|---|---|---|---|
| **Apar Ganti** | | | | | |
| All objections asserted by the parties have been waived or resolved. | | | | | |
| | | | | | |
| **David Williams** | | | | | |
| 23:10-20 | | R | Foundational information about the witness's knowledge; relates to the institutional disclosure that was made by the VA Hospital. | X | |
| 24:5-26:7 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 26:11-27:18 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 28:15-34:13 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 56:11-57:4 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |

| | | | | | |
|---|---|---|---|---|---|
| 61:3-5 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 61:18-62:9 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 63:2-14 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 77:7-78:24 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 80:14-91:2 | | R, Scope, Privilege | Relates to the witness's credibility. | X | |
| 100:17-101:2 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | X | |
| 101:10-102:12 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | X | |
| 102:21-104:12 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | X | |

| | | | | | |
|---|---|---|---|---|---|
| 105:8-17 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure; also relates to the witness's credibility in interpreting the policy. | X | |
| 110:1-117:20 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | X | |
| 118:15-130:12 | | R | Relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | X | |
| 131:12-132:11 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 133:2-136:6 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| | | | | | |
| **Jennifer Compton** | | | | | |
| 93:3-17 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| | | | | | |
| **Gary Gorby** | | | | | |

4

| | | | | | |
|---|---|---|---|---|---|
| 46:17-52:17 | | R | Foundational background information regarding the witness's knowledge and experience. | X | |
| 60:15-24 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 86:24-88:15 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 88:16-90:22 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 91:14-95:10 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 101:9-103:15 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 108:15-113:25 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 119:8-122:11 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed | | X |

| | | | | | |
|---|---|---|---|---|---|
| | | | diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | |
| 123:25-124:10 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 126:23-127:25 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 128:20-133:6 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 133:21-135:23 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 137:16-149:25 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the | | X |

| | | | | | |
|---|---|---|---|---|---|
| | | | institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | |
| 152:19-153:15 | | R<br><br>Requests entire record be read from 152:19-158:1 | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure.<br><br>No objection from plaintiff to the additional portions being read. | | X |
| 153:16-156:25 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 157:1-22 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 158:8-161:13 | | R | Foundational questions regarding the witness's knowledge in preparation to testify; relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and | | X |

7

| | | | | | |
|---|---|---|---|---|---|
| | | | treatment and the information that was available to the VA prior to the institutional disclosure. | | |
| 161:23-167:12 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 168:11-170:3 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 172:11-176:19 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 178:1-12 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 179:3-180:10 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this objection would be consistent with the Court's order. | X | |
| 180:11-24 | | R | In light of the Court's order in limine (Filing No. 169), Plaintiff does not dispute that sustaining this | X | |

| | | | | | |
|---|---|---|---|---|---|
| | | | objection would be consistent with the Court's order. | | |
| 181:3-190:9 | | R, Hearsay | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | ✗ |
| 190:24-197:8 | | Speculation, H, R, Form and Foundation<br><br>The United States requested the record be read from 181:3-222:15. Form and foundation objections were made during the deposition at 191:4-5, 191:19-20 and 193:2. | The speculation, form, and foundation objections are waived because they were not made at the deposition.<br><br>Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure.<br><br>No objection from plaintiff to the additional portions being read. | 191:19-20 Form Ruling: Sustained<br><br>193:2 Foundation Ruling: Sustained | 191:4-5 Foundation Ruling: Overruled<br><br>Remaining Objections: Overruled |
| 199:19-200:12 | | Speculation, H, R, Form and Foundation<br><br>The United States requested the record be read from 181:3-222:15. Form and | The speculation, form, and foundation objections are waived because they were not made at the deposition.<br><br>Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that | | 199:6-17 Form and Foundation Ruling: Overruled<br><br>Remaining Objections: |

9

| | | | | Overruled |
|---|---|---|---|---|
| | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | foundation objections were made during the deposition at 191:4-5, 191:19-20, 199:12-13 and 200:18-19. | was available to the VA prior to the institutional disclosure.<br><br>No objection from plaintiff to the additional portions being read. | | |
| 200:25-222:15 | | Speculation, H, R, Form and Foundation<br><br>The United States requested the record be read from 181:3-222:15. Form and foundation objections were made during the deposition at 191:4-5, 191:19-20, 199:12-13 and 200:18-19. | The speculation, form, and foundation objections are waived because they were not made at the deposition.<br><br>Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure.<br><br>No objection from plaintiff to the additional portions being read. | | 200:13-24 Form and Foundation Ruling: Overruled<br><br><br>Remaining Objections: Overruled |
| 225:11-227:19 | | R | Relates to the witness's credibility. | | ✗ |
| 228:16-231:19 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | ✗ |
| 231:20-243:25 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the | | ✗ |

11

| | | | | | |
|---|---|---|---|---|---|
| | | | institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | |
| 245:20-246:12 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 246:25-263:25 | | R | Relates to the witness's credibility; relates to the damages plaintiff sustained relates to the institutional disclosure that was made to Mr. and Mrs. Hansen regarding Michael's delayed diagnosis and treatment and the information that was available to the VA prior to the institutional disclosure. | | X |
| 264:2-7 | | F, R | Relates to the witness's credibility. | | X |
| | | | | | |
| **Saboor Randhawa** | | | | | |
| 51:18-52:15 | | R | Foundational information regarding the diagnosis of nodules and tumors. In prior scans of Michael's chest he had "calcified tumors" observed, which are benign/non-cancerous. Dr. Randhawa is confirming that those prior observed nodules were not cancer because they were calcified. | | X |
| 60:2-62:22 | R, 403 | | Relates to Mr. Hansen's continued risk for contracting lung cancer (even if there had been no failure to follow up). | | X |

| | | | | | |
|---|---|---|---|---|---|
| 73:25-74:19 | R, 403 | | Relates to foundation for the witness's testimony. The witness was not provided a complete copy of the NCCN Guidelines, just the pages Plaintiff's counsel wanted to highlight. | | X |
| 218:4-220:11 | | H | The text messages are not being offered for the truth of the matter asserted, so it's not hearsay. They relate to the time period that Michael ceased treatment for lung cancer and the emotional impact that decision had on him. The witness's testimony regarding the options that were given to Michael for future treatment are not hearsay. | | X |
| 231:21-235:16 | | Foundation | The speculation objection is waived because it is a "form" objection not made during the deposition.<br><br>The witness confirms that the radiology scan he is reading from is information that he relies upon in connection with the treatment he gives to patients, so it is appropriate for him to review and rely on the information in forming his opinions. As an oncologist who treated Michael for lung cancer, he has sufficient information and training to interpret the information disclosed and to render an opinion that the lung cancer disease in Michael was worsening in the months leading up to Michael's ultimate death from lung cancer. | | X |

13